In the Matter of THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE RELEASE OF PROSPECTIVE CELL SITE INFORMATION

No. 05–508(JMF).

United States District Court, District of Columbia.

Dec. 16, 2005.

## MEMORANDUM

FACCIOLA, United States Magistrate Judge.

Availing itself of modern technology, the government now seeks to ascertain the location of a cell phone by learning of "cell site data" "which reveals the user's physical location while the phone is turned on." *In re Application for Pen Register and Trap/Device with Cell Site Location Authority,* 396 F.Supp.2d 747 (S.D.Tx.2005) (hereafter "the Texas Case").[1] In the Texas case, Magistrate Judge Smith concluded that this information is not available to the government under the provisions of the Electronic Communications Privacy Act of 1986, *Pub.L. No. 99–508, 100 Stat. 1848 (1986)* upon a certification by the government that the data is relevant to an ongoing criminal investigation. *18 U.S.C. § 3123(a)(1).*[2] A magistrate judge in New York has agreed. *In re Authorizing the Use of a Pen Register,* 384 F.Supp.2d 562 (E.D.N.Y.2005) (hereafter "the New York case").

The United States, conceding the existence of these decisions but not necessarily their validity, now seeks cell site data that would reveal the location of the person using the cell phone by "demonstrating

---

1. This contains a masterful explanation of the technology.

2. All references to statutory materials are to the electronic versions that appear in Westlaw and Lexis.

probable cause to believe that the requested prospective cell cite information is relevant and material to an ongoing criminal investigation." Application (under seal) at 8. Thus, the government melds the statutory standard of *18 U.S.C. § 3123* and the constitutional standard to overcome the holdings in the Texas and New York cases.

I am afraid that I find the government's chimerical approach unavailing. Indeed, and to keep the animal metaphor going, it reminds one of the wag who said a camel is a horse planned by a committee.

Obviously, the statement that there is probable cause to believe that the information is relevant and material to an ongoing criminal investigation is tautological. Whenever an Assistant United States Attorney certifies that the information to be gained by the installation of a pen register is relevant and material to an ongoing criminal investigation, there is, implicit in that representation, the representation that it is more likely than not that the information is relevant and material to a criminal investigation. That the Assistant sets forth the facts that leads her to make the certification adds nothing to what was really already there.

Furthermore, if the government's quoted statement is an invocation of the Fourth Amendment standard, it fails to capture the entire force of that Amendment-that it permits the issuance of a warrant upon a showing that there is probable cause to believe that whatever is to be seized is "(1) evidence of a crime; (2) contraband, fruits of crime, or other items illegally possessed; (3) property designed for use, intended for use, or used in committing a crime." Fed. R.Crim.P. 41(c); *Warden, Md. Penitentiary v. Hayden,* 387 U.S. 294, 308, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Putting aside the complicated question of whether a person's location could in itself meet any of these criteria, it is certainly clear that probable cause to believe that a person's location is relevant to a criminal investigation cannot possibly meet the constitutional standard the government purports to invoke, that it is more likely than not that what is be seized is evidence, contraband, fruits of a crime or designed to be used to commit a crime.

More to the point, the probable cause showing does not meet the central problem identified in the Texas and New York cases, that the statutes upon which the government purports to rely in those cases and in this one, i.e., *18 U.S.C. §§ 3122, 3123, 2703(c)(1)* do not authorize the government to secure cell site data that would disclose the location of the person using the cell phone. Invocation of the probable cause standard does not solve the fundamental problem that the statutes the government invokes cannot be construed to give the government the information it seeks.

Accordingly, I will not sign the proposed order in which section 2 of page 2 speaks of "the location of cell site/sector (physical address) at call origination (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the progress of a call, on an ongoing and/or real time basis for the Subject Telephone Number." I note further that in the proposed order sent me the sentence before this phrase is missing and the proposed Order does not indicate who is to be ordered to provide the information I have just quoted. I have signed the other proposed order that does not contain this statement.