433 F.Supp.2d 804 (2006)
In the Matter of the APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER: (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device, and (2) Authorizing Release of Subscriber and Other Information.
No. MISC. H-06-0085.
United States District Court, S.D. Texas, Houston Division.
April 11, 2006.

ORDER
ROSENTHAL, District Judge.
The United States has filed an ex parte application for an order authorizing the installation and use of a pen register and trap-and-trace device and authorizing the release of subscriber and other information, including cell-site information. Three types of cell-site information are sought: call origination (for outbound calls to a particular phone number), call termination (for incoming calls to that number), and, if reasonably available, during the call.
Nearly a dozen courts have examined similar applications and analyzed the legal issues they raise. Some of the cases refuse to issue the orders the government sought. See In re Application of the United States for an Order for Prospective Cell Site Location Info. on a Certain Cellular *805 Tel., No. 06 CRIM MISC. 01, 2006 WL 468300 (S.D.N.Y. Feb.28, 2006); In re Application of the United States of America for Orders Authorizing the Installation and Use of Pen Registers and Caller Identification Devices on Tel. Nos. [Sealed] and [Sealed], 416 F.Supp.2d 390 (D.Md. 2006); In re the Application of the United States of America for an Order Authorizing the Installation and Use of a Pen Register and/or Trap and Trace for Mobile Identification No. (585) 111-1111 and the Disclosure of Subscriber and Activity Info. Under 18 U.S.C. § 2703, 415 F.Supp.2d 211 (W.D.N.Y.2006); In the Matter of the Application of the United States of America for an Order Authorizing the Disclosure of Prospective Cell Site Info., 412 F.Supp.2d 947 (E.D.Wisc.2006); In the Matter of the Application of the United States of America for an Order Authorizing the Release of Prospective Cell Site Info., 407 F.Supp.2d 132 (D.D.C. 2005); In the Matter of the Application of the United States of America for an Order (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device and (2) Authorizing Release of Subscriber Info. and/or Cell Site Info., 396 F.Supp.2d 294 (E.D.N.Y.2005); In re Application for Pen Register and Trap/Trace Device With Cell Site Location and Auth., 396 F.Supp.2d 747 (S.D.Tex.2005).
Courts rejecting applications for orders similar to the one sought in this case have focused on the absence of explicit standards in the statutes the government invokes to authorize access to cell-site information, 18 U.S.C. §§ 3121-27 (the "Pen Register Statute") and 18 U.S.C. § 2703. These courts have also expressed concern that the government might use the information to make the cell phone a "tracking device." These courts cite congressional testimony from the former director of the Federal Bureau of Investigation about certain aspects of the PATRIOT Act that purportedly limited the use of the statutes at issue for cell-phone monitoring applications. These cases find that the applicable standard is probable cause and that the government has not made this showing, then refuse to issue the authorization.
Other cases grant the government's application. See In re: Application for an Order Authorizing the Installation and Use of a Pen Register Device, Dialed No. Interceptor, No. Search Device, and Caller Identification Serv., and the Disclosure of Billing, Subscriber, and Air Time Info., No. S-06-SW-0041 (E.D.Cal. Mar. 15, 2006); In the Matter of the Application of the United States for an Order: (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device; and (2) Authorizing Release of Subscriber Info. and/or Cell Site Info., 411 F.Supp.2d 678 (W.D.La.2006); In re Application of the United States of America for an Order For Disclosure of Telecomms. Records and Authorizing the Use of a Pen Register and Trap and Trace, 405 F.Supp.2d 435 (S.D.N.Y.2005); In the Matter of the Application of the United States of America for an Order Authorizing the Installation and Use of a Pen Register and Caller Identification System on Tel. Nos. [Sealed] and [Sealed] and the Prod of Real Time Cell Site Info., 402 F.Supp.2d 597 (D.Md.2005).
Judges accepting these applications have focused on the explicit text of the statutes, which states that cell-site information may not be obtained "solely pursuant" to the Pen Register Statute, 47 U.S.C. § 1002(a)(2). These courts permit the government to obtain cell-site information after meeting the requirements of both the Pen Register Statute and 18 U.S.C. § 2703(c)(1), which allows the government to obtain customer records from "electronic communication providers." These courts point out that Section 2703 meets *806 the purpose of the Section 1002 exception, to require more than the minimal authorization imposed under the Pen Register Statute, but does not require a probable-cause showing. In many of these cases, moreover, the judges ensured that the orders authorized only limited information, minimizing the concern that a cell phone could be used as a kind of "tracking device." As one court summarized:
These cases [in which the court rejected the applications because probable cause was required and not shown] appear to involve requests for cell site information that go beyond both what has been sought in this case and what has actually been received by the Government pursuant to any cell site application in this District. First, the cell site information provided in this District is tied only to telephone calls actually made or received by the telephone user. Thus, no data is provided as to the location of the cell phone when no call is in progress. Second, at any given moment, data is provided only as to a single cell tower with which the cell phone is communicating. Thus, no data is provided that could be "triangulated" to permit the precise location of the cell phone user. Third, the data is not obtained by the Government directly but is instead transmitted from the provider digitally to a computer maintained by the Government. That is, the provider transmits to the Government the cell site data that is stored in the provider's system. The Government then uses a software program to translate that data into a usable spreadsheet.
405 F.Supp.2d at 437-38.
This court finds the analysis set out in the Southern District of New York opinion and the Western District of Louisiana opinion to be persuasive and the relevant facts of those cases similar to the facts presented here. Like the applications approved in these cases, in the present case the government has included significant limits on the authorization it seeks. The government is not seeking: (1) to activate remotely the subject telephone's GPS functionality; (2) to obtain information from multiple cellular antenna towers simultaneously to "triangulate" the precise location of a cell phone; or (3) to place calls to a particular cell phone repeatedly or otherwise to track on a continuous basis the location of a cell phone when no call is being placed or received. Instead, the government seeks an order to install a pen register/trap and trace device configured to provide cell-site information at the origin and termination of calls and, if reasonably available, during the progress of a call that is not initiated by the government itself. With these limitations, this court agrees that the government has met its statutory burden under 18 U.S.C. § 3121 et seq. and § 2703(d).
The relevant documents will remain under seal under this court's procedures.